RONALD ADY (USB 3694)
RONALD ADY, PLLC
8 E. Broadway, Ste. 725
Salt Lake City, UT 84111
(801) 530-3122
(801) 746-3501 fax

Attorney for Plaintiff

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BRANDON STUBER,<br><br>Petitioner,<br><br><br>v.<br><br><br>LUCKY'S AUTO CREDIT, L.L.C.,<br><br>Respondent. | **PETITION FOR ORDER COMPELLING ARBITRATION**<br><br><br>**Case No. 2:20-cv-00007-DB**<br><br>**Judge** Dee Benson |

Petitioner Brandon Stuber, pursuant to the provisions of 9 U.S.C. § 4, petitions this Court for an order compelling Respondent Lucky's Auto Credit, L.L.C. to arbitrate under a written agreement. Further, Petitioner requests that the Court stay the proceedings in the Third Judicial District Court, Salt Lake County, State of Utah civil no. 189910191.

## I.    JURISDICTION

1.    Petitioner seeks relief pursuant to the Motor Vehicle Information and Cost Savings Act (MVICSA), 49 U.S.C. § 32101 et seq., the Utah Consumer Sales Practices

Act, *Utah Code* § 13-11-1 et seq.  (UCSPA), and related state common-law claims.

2.      The Court has jurisdiction pursuant to 49 U.S.C. § 32101 et seq., 28 U.S.C. §

l33l, and § 1367.

3.      Title 9 U.S.C. § 4 provides that:

A party aggrieved by the alleged failure, neglect, or refusal of another to
arbitrate under a written agreement for arbitration may petition any
United States district court which, save for such agreement, would have
jurisdiction under title 28, in a civil action or in admiralty of the subject
matter of a suit arising out of the controversy between the parties, for an
order directing that such arbitration proceed in the manner provided for
in such agreement.

## II.     GENERAL ALLEGATIONS

4.      On June 24, 2016 the Petitioner Stuber purchased a 2008 Pontiac G6 from

Lucky's Auto Credit for $12,491.49. The Motor Vehicle Contract of Sale stated that the

purchase would be financed through Titanium Funds LLC. The odometer disclosure

statement disclosed the vehicle's mileage as 104,721, which was consistent with the

mileage showing on the vehicle's odometer.

5.      On that same day the Arbitration Agreement, the Motor Vehicle Contract

of Sale, the Retail Installment Contract, and the Warranty Agreement were all signed by

Mr. Stuber, and the same documents (excepting the Warranty Agreement) were signed

by Margarita Hernandez, who was acting on behalf of both Lucky's Auto Credit and

Titanium Funds, LLC (the lien holder on Mr. Stuber's purchase of the 2008 Pontiac.

6.      A true copy of the Arbitration Agreement is attached as Exhibit A.

7.      Mr. Stuber purchased the 2008 Pontiac primarily for personal, family, or

household use.

8.     The Retail Installment Contract and Security Agreement incorporates the

FTC Holder Rule, 16 C.F.R. § 433 by reciting that:

> NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS
> SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR
> COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES
> OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF.
> RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED
> AMOUNTS PAID BY THE DEBTOR HEREUNDER (This provision
> applies to this contract only if the motor vehicle financed in the contract
> was purchase primarily for personal, family, or household use.).

9.     On January 3, 2018 the Petitioner Stuber's Pontiac had an engine fire when

he started the Pontiac to go to work, which he quickly extinguished. Other than damage

to mechanical/ electrical components in the immediate vicinity of the front of the

vehicle's oil pan, there was no other damage to the vehicle.

10.     The Petitioner's automobile insurer, Esurance, subsequently advised Mr.

Stuber that Esurance was totaling the vehicle because it only had a market value of

$2,362.74 (after the $500.00 deductible was subtracted).

11.     Titanium Funds, LLC asserted its security interest against the insurance

proceeds paid by Esurance, and so those proceeds were paid to Titanium Funds, LLC.

12.     On April 9, 2018 the Pontiac G6 was sold at auction for $300.00.

13.     On June 19, 2018 Titanium Funds, LLC commenced an action against the

Petitioner Stuber claiming an amount due for a deficiency upon repossession of Stuber's

vehicle, civil no. 1899101091, Third Judicial District Court, Salt Lake Department, State

of Utah.

14.     On March 21, 2019 Titanium Funds filed a motion for summary judgment

in the state court action.

15.     On April 18, 2019 the Petitioner Stuber filed an opposition to that Motion for Summary Judgment

16.     On April 25, 2019 the Petitioner Stuber filed a motion in the state court action to compel arbitration of Titanium Funds's claims in that state court action, that is, to arbitrate its claims for a deficiency allegedly owing from the Petitioner Stuber.

17.     As a result of the Petitioner Stuber being informed by Esurance that at the time of the engine fire the Pontiac actually had 237,941 miles on it, on May 10, 2019 the Petitioner Stuber sent a Demand for Arbitration on his odometer fraud claim under MVICSA, 49 U.S.C. § 32101 et seq., and other affirmative claims to Lucky's Auto Credit and Titanium Funds, LLC.

18.     On June 6, 2019 the Petitioner Stuber sent a second Demand for Arbitration on his odometer fraud and other affirmative claims to Lucky's Auto Credit and Titanium Funds, LLC.

19.     On or about June 6, 2019 the Petitioner Stuber sent a Demand for Arbitration on his odometer fraud and other affirmative claims to JAMS, with an enclosed check for $250.00 to commence the arbitration.

20.     On June 27, 2019 JAMS responded to the Petitioner Stuber's Demand for Arbitration of his odometer fraud and other affirmative claims by sending a Notice of Intent to Initiate Arbitration (JAMS case no. 1220062596) advising that the Respondents Lucky's Auto Credit and Titanium Funds must pay the remainder of the $1,250.00 filing fee.

21.     On July 22, 2019 the state court denied the motion to compel arbitration of

Case 2:20-cv-00007-DB   Document 2   Filed 01/03/20   Page 5 of 6

the Titanium Funds LLC's deficiency claims in the state court action.

22.     On August 9, 2019 JAMS advised that it would send another copy of the filing fee invoice over to the address provided for Lucky's Auto Credit, and that when it received the remainder of the filing fee from Lucky's Auto Credit, it would then proceed with the arbitration on the Petitioner Stuber's odometer fraud claims.

23.     On October 11, 2019 JAMS sent a Notice of Administrative Suspension of the arbitration with Lucky's Auto Credit to the parties, advising that it had repeatedly attempted since June of 2019 to collect from Lucky's Auto Credit payment of the remaining $1,250.00 filing fee, and that due to the lack of payment of that filing fee by Lucky's Auto Credit it was administratively suspending that arbitration until the payment was received.

24.     On December 30, 2019 the state court scheduled a two-hour bench trial for Wednesday, January 22, 2019 on Titanium Funds's claims in that action.

25.     Under the FTC Holder Rule any affirmative claims the Petitioner Stuber recovers on from Lucky's Auto Credit in the arbitration commenced with JAMS (case no. 1220062596) would offset the amount he owed to Titanium Funds up to the claimed outstanding balance on the loan of some $5,500.00.

WHEREFORE, Petitioner Brandon Stuber requests that this Court:

A.     Uphold the validity of the Arbitration Agreement attached as Exhibit A;

B.     Issue an order pursuant to 9 U.S.C. § 4 to compel arbitration between the Petitioner and the Respondent Lucky's Auto Credit, LLC.

C.     Issue an order to stay the state court action civil no. 189910191.

5

D.     For expedited resolution of the Petitioner's request for stay.

E.     For the Petitioner's attorney's fees, costs, and expenses as may be allowed

at law, in equity, or by contract.

DATED this 3rd day of January, 2020.


    /S/Ronald Ady
RONALD ADY, PLLC
8 East Broadway, Ste. 725
Salt Lake City, UT 84111
(801) 530-3122
(801) 746-3501 fax
adyr@80law.com
Attorney for the
Petitioner Brandon Stuber