IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BRANDON STUBER,<br><br>Petitioner,<br><br>v.<br><br>LUCKY'S AUTO CREDIT, LLC,<br><br>Respondent. | **MEMORANDUM DECISION REGARDING THE DENIAL OF PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER**<br><br>Case No. 2:20-cv-00007<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

On January 3, 2020, Petitioner Brandon Stuber petitioned this court to compel arbitration of a federal odometer fraud claim against Respondent Lucky's Auto Credit, LLC. Mr. Stuber also requested a temporary restraining order staying state court proceedings in a case arising out of the same events that gave rise to Mr. Stuber's federal odometer fraud claim. For the reasons set forth below, the court **DENIED** Mr. Stuber's request for a temporary restraining order staying the state court proceedings by a docket text order entered on January 20, 2020.

## I.

On June 24, 2016, Mr. Stuber purchased a 2008 Pontiac G6 automobile from Lucky's Auto Credit. *See* Dkt. No. 4 ¶ 5. Titanium Funds LLC provided secured financing for this purchase. *Id*. Mr. Stuber and Lucky's Auto Credit agreed to an arbitration clause that stated

> Any claim or dispute, whether in contract, tort, or otherwise (including the interpretation and scope of this clause and the arbitrability of any issue) between you and us and our employees, agents, successors, or assigns, which arises out of or relates in any manner to the purchase, financing, of lease of your vehicle . . . shall, at your or our election . . . be resolved by neutral, binding arbitration and not by court action.

Dkt. No. 4-4 at 1. The parties further agreed that "any holder of this consumer credit contract is subject to all claims and defenses which the debtor could assert against the seller of goods or services obtained pursuant hereto or with the proceeds hereof." Dkt. No. 4-3 at 5.

On January 3, 2018, Petitioner's automobile caught fire. *See* Dkt. No. 4 ¶ 9. Mr. Stuber's automobile insurer determined that the vehicle was a total loss. *Id.* ¶ 10. The insurer informed Mr. Stuber that at the time of the fire the automobile had been driven 237,941 miles, a significant discrepancy from the mileage indicated on the odometer. *See* Dkt. No. 2 ¶¶ 4, 17. The payment made by the automobile insurer for loss, combined with the proceeds from the subsequent auction sale of the automobile, did not suffice to pay off the outstanding balance of Mr. Stuber's loan from Titanium. *See* Dkt. No. 4 ¶¶ 10–13.

On June 18, 2018, Titanium sued Mr. Stuber in state court, asserting state law claims for recovery of the deficiency. *See* Dkt. No. 13 at 6. Mr. Stuber submitted both an answer and amended answer, neither of which argued that Titanium's claim was subject to arbitration or asserted any counterclaim relating to the mileage discrepancy. *See* Dkt. No. 13, Ex. C. Mr. Stuber did, however, assert the discrepancy in connection with several affirmative defenses. *See* Dkt. No. 13, Ex. A.

On April 25, 2019—after the close of fact discovery, and almost a year after Titanium filed suit—Mr. Stuber filed a motion in state court to compel arbitration of the claims Titanium had asserted against him, which would of course include arbitration of his affirmative defenses to those claims. *See* Dkt. No. 4 ¶ 14. Mr. Stuber did not, however, ask the state court to compel arbitration of any claims based on the mileage discrepancy. Rather, on May 10, 2019, Mr. Stuber sent Lucky's Auto Credit and Titanium Funds a demand to arbitrate a claim for odometer fraud under the Motor Vehicle Information and Cost Savings Act, 49 U.S.C. § 32101, *et seq.*, as well

as other affirmative claims. *See* Dkt. No. 4 ¶ 15. About one month later, Mr. Stuber sent a request to arbitrate these claims to JAMS, a prominent provider of arbitration services. *See id*. ¶ 17.

On July 22, 2019, the state court entered an order denying Mr. Stuber's motion to compel arbitration, stating in relevant part that Mr. Stuber "participated in litigation to a point inconsistent with the intent to arbitrate" and that Titanium "ha[d] been prejudiced thereby." Dkt. No. 13, Ex. C at 8. Mr. Stuber neither appealed the state court order denying the motion—despite an immediate right to do so under the Utah Uniform Arbitration Act, *see* Utah Code Ann. § 78B-11-129—nor made any subsequent state court filings relating to arbitration, *see* Dkt. No. 13 at 7. On December 30, 2019, the state court scheduled a bench trial for January 22, 2019. *See* Dkt. No. 4 ¶ 22.

On January 9, 2020—some five months after the denial of his motion to compel arbitration of Titanium's state law claims and just nineteen days before the scheduled state court trial—Mr. Stuber petitioned this court to compel arbitration of his federal odometer fraud claim against Lucky's Auto Credit. *See* Dkt. No. 4. Mr. Stuber also requested a temporary restraining order staying the state court proceedings. *See Id*. On January 20, 2020, this court issued a docket text order denying Petitioner's request for a temporary restraining order and stating that a written opinion would follow. *See* Dkt. No. 17. This memorandum decision and order is the promised written opinion.

## II.

To obtain a temporary restraining order, Mr. Stuber must meet the same standard as for a preliminary injunction. *See Miche Bag, LLC v. Thirty One Gifts LLC*, No. 2:10-CV-781 TS, 2010 WL 3629686, at *1 (D. Utah Sept. 13, 2010). Mr. Stuber must show "(1) a substantial likelihood

of success on the merits; (2) irreparable harm to the movant if the [temporary restraining order] is denied; (3) the threatened injury outweighs the harms that the [temporary restraining order] may cause the opposing party; and (4) the [temporary restraining order], if issued, will not adversely affect the public interest." *Aposhian v. Barr*, 958 F.3d 969, 978 (10th Cir. 2020). Because a temporary restraining order "is an extraordinary remedy, the right to relief must be clear and unequivocal." *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003). For the reasons explained below, the court finds that Mr. Stuber has failed to establish a clear and unequivocal right to the extraordinary relief he seeks.

## III.

For purposes of this motion, the court will assume that Mr. Stuber has shown a substantial likelihood of success on his motion to compel arbitration given his arbitration agreement with Lucky's Auto and the federal policy favoring arbitration reflected in the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*. The court will also assume, for purposes of this motion, that Mr. Stuber has shown that he will suffer irreparable injury to his right to arbitrate if the state court trial proceeds. As Mr. Stuber argues, because he "pleaded the odometer roll-back issue as an affirmative defense" in the state court case, "the state court action is highly likely to be issue preclusive of the Petitioner Stuber's [federal odometer fraud] claim." Dkt. No. 4 at 19–20; *see also* Dkt. No. 16 at 2 ("[I]f Titanium Funds's state court claims proceed to trial they will have preclusive effect on Mr. Stuber's federal [odometer fraud] claims.").

The court nevertheless finds that a temporary restraining order is unwarranted because the two remaining prongs of the governing legal test weigh strongly against relief. With respect to the third prong, Mr. Stuber appears to concede that in a case like this one, where a party seeks to enjoin a nonparty, the court should weigh the threatened injury to the person seeking a

temporary restraining order against the harm to the person or entity whom the plaintiff seeks to enjoin. *See* Dkt. No. 4 at 12 (explaining that the court may consider "whether the person against whom an injunction would be entered would be harmed excessively by the injunction"). Here, that is Titanium. And the court finds that the injury that Titanium will suffer if the temporary restraining order is granted outweighs the injury that Petitioner will suffer if the order is denied.

The court reaches this conclusion primarily based on the many opportunities Mr. Stuber had to avoid or at least mitigate his own potential injury long before he sought extraordinary relief from this court. First, Mr. Stuber could have asserted his federal odometer fraud claim as a counterclaim in the state court litigation and promptly moved the state court to compel arbitration of that claim. Second, Mr. Stuber could have moved to compel arbitration of his state law claims, including his affirmative defenses relating to the odometer discrepancy, promptly after the state law litigation began instead of waiting almost a year to do so. Third, Mr. Stuber could have appealed the state court's denial of his motion to compel arbitration of his state law claims. *See* Utah Code Ann. § 78B-11-129.

There is no reason to think the state court would have improperly denied a timely motion to compel arbitration. Like federal law, Utah law generally mandates the enforcement of arbitration clauses. *See* Utah Code Ann. § 78B-11-107; *Sosa v. Paulos*, 924 P.2d 357 (1996). And under the Federal Arbitration Act, Congress entrusted enforcement of the federal right to arbitrate "in large part to the state courts," albeit with enforcement by federal courts "where otherwise appropriate." *Moses H. Cone Mem'l Hosp v. Mercury Const. Corp*, 460 U.S. 1, 25 n.32 (1983). But even if Mr. Stuber was unwilling to trust the state court to vindicate his right to arbitrate, he could have moved this court to compel arbitration of his federal odometer fraud claim at a much earlier stage of the state court litigation. To be sure, Mr. Stuber did move this

5

court to compel arbitration less than three months after JAMS notified him that it was suspending arbitration because of Lucky's Auto and Titanium's failure to pay their portion of the required arbitration fee. *See* Dkt. No. 4 ¶ 21. But Mr. Stuber did not initiate the JAMS process until almost a year after the state court litigation began. Certainly, Mr. Stuber could have moved this court to compel arbitration promptly after the state court litigation commenced, if not sooner. In short, there were many ways that Mr. Stuber could have eliminated—or at least ameliorated— the injury he now faces from the imminent state trial.

On the other side of the balance, Titanium has undoubtedly spent significant time and money in litigating its state court case against Mr. Stuber for more than eighteenth months, in completing discovery, and in preparing for trial. Indeed, more than six months before Mr. Stuber moved this court to compel arbitration, the state court quite reasonably found that Mr. Stuber had already "participated in litigation to a point inconsistent with the intent to arbitrate" and that Titanium had already "been prejudiced thereby." Dkt. No. 13, Exhibit C at 8. Mr. Stuber's failure to appeal that decision or to move this court to compel arbitration until the eve of trial has no doubt magnified that prejudice.

Mr. Stuber's delay in seeking to compel arbitration of his federal claim until the eve of trial and his failure to avoid or mitigate his threatened injury from the state litigation may well constitute laches—at least with respect to his requested stay of the state court proceeding. It is well settled that "unreasonable delay" in asserting a right that results in "material[] prejudice" to the party against whom the right is asserted can suffice to establish laches. *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997); *see also id*. ("Whether a claim is barred by laches must be determined by the facts and circumstances in each case and according to right and justice. Laches, in legal significance, is not mere delay, but delay that works a disadvantage to another.")

(cleaned up). The facts of this case might also justify a finding that Mr. Stuber waived any right the Federal Arbitration Act may have given him to a stay of the state court action. *Cf. Peterson v. Shearson*, 849 F.2d 464, 467–68 (10th Cir. 1988) (holding that factors such as the advanced stage of the litigation, the delay in moving to compel arbitration, and the prejudice to the opposing party weigh heavily in favor of finding waiver of the right to arbitrate under the Federal Arbitration Act).

But regardless of whether Mr. Stuber's conduct constitutes laches or waiver, in weighing the relative harms facing Mr. Stuber and Titanium, the court will substantially discount the injury that Mr. Stuber may suffer if the state court litigation proceeds to trial in light of his failure to take timely action to avoid or mitigate that injury. Conversely, the court will give greater weight to the injury that Titanium will suffer if the state court proceeding is stayed on the eve of trial given that Mr. Stuber's failures and unreasonable delay clearly exacerbated that injury. The court thus finds that the prejudice that Titanium will suffer if the state court litigation is stayed on the eve of trial outweighs the harm to Mr. Stuber if that trial proceeds.

The court also finds that the public interest strongly weighs against the requested temporary restraining order. Under our federal system of government, it is rarely appropriate for a federal district court to enjoin pending state court litigation. As the Supreme Court has explained, given "the fundamental constitutional independence of the States and their courts, . . . [p]roceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately this Court." *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 287 (1970). "Any doubts as to the propriety of a federal injunction against state court

proceedings should" thus "be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Id.* at 297.

The public interest in federalism and comity is especially acute in this case because the state court litigation has been ongoing for more than eighteen months and is scheduled for trial in a matter of days. The fact that Mr. Stuber seeks to vindicate his federal right to arbitrate does not diminish that interest. After all, even though the FAA confers upon federal courts the power to compel arbitration, the statute "does not specifically authorize federal courts to stay proceedings pending in state courts." *Great Earth Companies, Inc. v. Simons*, 288 F.3d 878, 893–94 (6th Cir. 2002) (quoting *Ultracashmere House, Ltd. v. Meyer*, 664 F.2d 1176, 1180 (11th Cir. 1981)). Rather, enforcement of the FAA is "left in large part to the state courts" and the rights it creates should be "vindicated by the federal courts" only "where otherwise appropriate." *Moses H. Cone Mem'l Hosp*, 460 U.S. at 25 n.32.

While this does not necessarily mean that a federal court cannot enjoin a state court proceeding to vindicate the federal right to arbitrate in appropriate circumstances, it does mean that the court may not disregard the strong presumption against interfering with ongoing state court litigation mandated by our dual system of sovereignty and Supreme Court precedent. Especially given his delay in filing this action, as well as his failure to promptly take available measures to protect his right to arbitrate in the state court proceedings, Mr. Stuber has fallen far short of overcoming this presumption.[1]

---

[1] Although Mr. Stuber argues at length that the pending state court proceedings do not justify abstention by this court, *see* Dkt. No. 4 at 8–12, this argument misses the mark. Abstention is not at issue here—Lucky's Auto and Titanium do not request that this court stay or dismiss Mr. Stuber's action out of deference to the state court proceedings, and this court has no intention of doing so. The issue here is not whether Mr. Stuber's federal action can proceed while the state litigation is pending. Rather, the issue is whether this court should bar the state court suit from proceeding while his federal action is pending. Notably, although Mr. Stuber

\*       \*       \*

The court accordingly holds that Mr. Stuber has not demonstrated a "clear and

unequivocal right" to the relief requested and **DENIES** his motion for a temporary restraining

order.

**IT IS SO ORDERED.**

> DATED this 11th day of August, 2020.
>
> BY THE COURT:
>
>
>
> Howard C. Nielson, Jr.
> United States District Judge

---

invokes the Supreme Court's decision in *Moses H. Cone Memorial Hospital* in support of his
abstention argument—and although the Court in that case did hold that abstention was
improper—the Court found it unnecessary even to address "whether a federal court might stay a
state-court suit pending arbitration." 460 U.S. at 25 n.32.