# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| BRANDON STUBER,<br><br>Petitioner,<br><br>v.<br><br>LUCKYS AUTO CREDIT, LLC<br><br>Respondent. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:20-cv-00007-HCN-JCB<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Jared C. Bennett |

Before the court is Petitioner Brandon Stuber's ("Mr. Stuber") Motion for Rule 11(c)(2) Attorney Fees ("Motion").[1] Mr. Stuber moves the court for an award of attorney fees incurred as a result of having to defend against non-party Titanium Fund, LLC's ("Titanium") Motion for Rule 11 sanctions. For the reasons set forth below, the court finds that Titanium's motion was not so unreasonable as to merit the award of attorney's fees under Rule 11, and therefore denies the Motion.

## BACKGROUND

On January 3, 2020, Mr. Stuber petitioned this court to compel arbitration of a federal odometer fraud claim against Respondent Lucky's Auto Credit, LLC ("Respondent"). Mr. Stuber also requested a temporary restraining order staying certain state court proceedings in a case arising out of the same events in which Titanium is a plaintiff. The motion for a temporary restraining order staying the state court action was filed just nineteen days before trial was set to

---

[1] ECF No. 40.

commence in the state case. In addition to the opposition memorandum that Respondent filed on Titanium's behalf, Titanium served Mr. Stuber with a motion for Rule 11 sanctions. Upon Mr. Stuber's declination to withdraw the motion for a temporary restraining order, and after expiration of the 21-day safe harbor period, Titanium filed the motion for sanctions against Mr. Stuber with the court. Titanium argued that Mr. Stuber's motion was an improper attempt to delay the state court action, increase the costs of litigation, and was a form of harassment. After hearing arguments on the motions, Judge Nielson denied Mr. Stuber's motion for a temporary restraining order and Titanium's motion for sanctions.[2]

Mr. Stuber now moves under Fed. R. Civ. P. 11(c)(2) for an award of attorney's fees as the prevailing party against Titanium's motion for sanctions. The Motion articulates the amount of attorney fees requested and how they were incurred. Titanium responds that the Motion should be denied because Mr. Stuber has not shown an award of fees is warranted. Titanium contends that its motion for sanctions was supported in law and fact and was not filed for an improper purpose. Alternatively, Titanium argues the amount of fees requested is unreasonable.

## LEGAL STANDARD

Rule 11(c)(2) of the Federal Rules of Civil Procedure provides, in relevant part, that, "[i]f warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred" in presenting or opposing the motion. Fed. R. Civ. P. 11(c)(2); *see also* Fed. R. Civ. P. 11 advisory committee notes to the 1993 amendment. Rule 11 is not designed as a fee-shifting provision or to compensate the opposing party. Its primary purpose is to deter sanctionable conduct.

---

[2] ECF Nos. 35, 39.

In support of this reading, the court notes that courts in the United States adhere to the "American Rule" when considering an award of attorney's fees: "Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Hardt v. Reliance Std. Life Ins.* Co., 560 U.S. 242, 252–53 (2010); *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247, 269–71 (1975). The United States Supreme Court reiterated this principle, refusing to deviate from the American Rule absent explicit statutory authority or contractual agreement. *Baker Botts L.L.P. v. ASARCO LLC*, 576 U.S. 121, 126 (2015). Given this default rule, the court will not deviate from the American Rule here "absent explicit statutory authority." *Id.* (citation omitted). Where the Federal Rules of Civil Procedure want to award fees based on litigation success, they do so expressly to overcome the default rule. For example, under Fed. R. Civ. P. 37(a)(5)(A), "the court must . . . require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." (emphasis added). The plain language in Rule 11(c)(2) comes nowhere near unambiguously departing from the American Rule as Rule 37(a)(5) does. Thus, in addition to requiring that any fees be a direct result of the offending conduct, the court must consider the deterrent effect of any fee award.[3]

Fed. R. Civ. P. 11(c)(2); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 406 (1990).

---

[3] The court notes that a few districts interpret Rule 11(c)(2) to allow for compensation upon the successful defense against a Rule 11 motion. *Adhikari v. Daoud & Partners*, no. 09-cv-1237, 2017 WL 5904782, *3 (S.D. Tex. Nov. 30, 2017) (unpublished); *Vanliner Ins. Co. v. DerMargosian*, no. 12-CV-5074, 2014 WL 1632181, *1 (N.D. Tex. April 24, 2014) (unpublished) (listing other cases in N.D. Ill. and D. Mass. agreeing that successful defense against Rule 11 motion allow for award of fees). However, none of these decisions analyze the plain language of Rule 11 in light of the American Rule and the language of Rule 37(a)(5), which clearly departs from the American Rule. Therefore, the court respectfully parts company with these courts on this issue. Instead, this court joins the Southern and Eastern Districts of New

The language of Rule 11 requires an award of expenses to be both "warranted" and "reasonable." Fed. R. Civ. P. 11(c)(2). Rule 11 enables sanctions against attorneys or unrepresented parties "who file signed pleadings, motions or other papers in district court which are not well grounded in fact, are not warranted by existing law or a good faith argument for its extension, or are filed for an improper purpose." *Enter. Mgmt. Consultants, Inc. v. United States*, 883 F.3d 890, 895 (10th Cir. 1989) (citation omitted).

Rule 11 does not enumerate the factors a court should consider in deciding whether to impose a sanction or what sanctions would be appropriate in any given circumstance, but the advisory committee notes to the Rule provide that proper considerations may include:

> "Whether the improper conduct was willful, or negligent; whether it was part of a pattern of activity, or an isolated event; . . . whether the person has engaged in similar conduct in other litigation; . . . what effect it had on the litigation process in time or expense . . . [and] what amount is needed to deter similar activity by other litigants . . . ."

Fed. R. Civ. P. 11 advisory committee notes to the 1993 amendments.

The standard of Rule 11 is one of reasonableness under the circumstances. *White v. General Motors Corp*., Inc., 908 F.2d 675, 680 (10th Cir. 1990) (stating that the Tenth Circuit has adopted the view that an attorney's actions must be objectively reasonable in order to avoid Rule 11 sanctions) (citations omitted)). In order to comply with Rule 11 and avoid sanctions thereunder, a party's actions must be objectively reasonable. *Clements v. Chapman*, 189 F. App'x 688, 692–93 (10th Cir. 2006) (citing *White*, 908 F.2d at 680)). District courts have "broad

---

York, which hold that an award of attorney fees under Rule 11(c)(2) can occur only upon a showing that the Rule 11 motion against which a party successfully defended was itself violative of Rule 11. *E. Gluck Corp. v. Rothenhaus*, 252 F.R.D. 175, 179 (S.D.N.Y. 2008) (citing *Goldberg v. Blue Ridge Farms, Inc.*, no. 04 Civ. 5098, 2005 WL 1796116, at *7 (E.D.N.Y. July 26, 2005) (citing *Safe–Strap Co. v. Koala Corp.*, 270 F.Supp.2d 407 (S.D.N.Y. 2003))).

discretion to impose Rule 11 sanctions." *King v. Fleming*, 899 F.3d 1140, 1148 (10th Cir. 2018). "The party seeking Rule 11 sanctions must establish a prima facie case that sanctionable conduct has occurred by filing a motion 'based upon non-frivolous allegations' at which point 'the burden of proof shifts to the non-movant to show it made a reasonable pre-suit inquiry into its claim.'" *United States ex rel. Morgan v. Champion Fitness, Inc*., No. 1:13-CV-1593, 2019 WL 693254, at *2 (C.D. Ill. Feb. 19, 2019) (quoting *Digeo, Inc. v. Audible, Inc*., 505 F.3d 1362, 1368 (Fed. Cir. 2007)); *see, e.g*., *Quarrie v. Wells,* No. CV 17-350 MV/GBW, 2019 WL 2107281 (D.N.M. May 14, 2019).

## DISCUSSION

To prevail in the instant Motion, Mr. Stuber must show that Titanium's motion for sanctions was unreasonable under the circumstances and not grounded in either fact or law. Mr. Stuber has not made such showing here. In fact, Mr. Stuber's Motion under Rule 11(c)(2) assumes that, by merely prevailing against Titanium's motion for sanctions, he is entitled to fees. However, because of the American Rule and the language of Rule 11 itself, Mr. Stuber's assumption is not well taken. Therefore, the Motion fails on that basis alone.

Additionally, the Motion fails because the court finds Titanium's motion for sanctions was not so unreasonable under the circumstances as to warrant an award of attorney fees for having to defend against it. After Titanium pointed out the Motion's conspicuous absence of any argument as to the merit of the filing, Mr. Stuber provided some points in his reply memorandum. However, this does not save the day. As Judge Nielson carefully pointed out at the October 19, 2020 hearing on the now vanquished motion for sanctions, Titanium moved for sanctions only as to Mr. Stuber's motion for a temporary restraining order and preliminary

injunction.[4] Judge Nielson refused to grant either motion for injunctive relief. Although Judge Nielson found an arguable basis for Mr. Stuber's motion for injunctive relief to protect his interest in arbitration—this was the basis of denying Titanium's motion for sanctions—he also articulated the problems with Mr. Stuber's request to stay Titanium's state court proceedings, which are enough to make Titanium's motion for sanctions have a basis in law and fact.[5]

## ORDER

Accordingly, the court holds that Mr. Stuber has not shown that an award of fees is warranted and **DENIES** his Motion for Rule 11(c)(2) Attorney Fees.[6]

**IT IS SO ORDERED.**

DATED this 14th day of January 2021.

BY THE COURT:

_____

JARED C. BENNETT
United States Magistrate Judge

---

[4] ECF No. 39.
[5] *Id*. at 1:46:40.
[6] ECF No. 40.